UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL PETRICH,

    Plaintiff,

vs.

Case No. 08-CV-11739
HON. GEORGE CARAM STEEH

FLINT DOWNTOWN DEVELOPMENT AUTHORITY,
and DONALD WILLIAMSON,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT WILLIAMSON'S MOTION TO SET ASIDE DEFAULT (# 9)

Defendant Donald Williamson moves to set aside the clerk's May 22, 2008 entry of his default. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Karl Petrich filed suit in state court on April 2, 2008 alleging he was terminated from his position with defendant Flint Downtown Development Authority (FDDA), and ultimately reinstated to a lesser position, because he voiced certain opinions to the Flint City Counsel concerning the FDDA and defendant Flint Mayor Donald Williamson. Petrich alleges a violation of his First Amendment right to free speech, and tortious interference with his business relationship with the FDDA. Defendant FDDA removed the matter to federal court on April 24, 2008 based on federal question jurisdiction under 28 U.S.C. § 1331 over the First Amendment claim. On May 22, 2008, the clerk entered

defendant Williamson's default for failing to plead or otherwise defend in this action. Counsel for Williamson filed an appearance that same day, and filed the instant motion to set aside the default a day later, on May 23, 2008. Williamson argues he was unaware that the matter had been removed to federal court, causing his delay in defending this lawsuit in federal court.

An entry of default may be set aside upon "good cause shown." Fed. R. Civ. P. 55(c). In exercising its discretion in deciding whether to set aside a default, a district court should consider: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced; and (3) whether the defendant has a meritorious defense. <u>United Coin Meter Co. Inc. v. Seaboard Coastline Railroad</u>, 705 F.2d 839, 844 (6th Cir. 1983). There is an "overriding policy disfavoring defaults." <u>See</u> <u>Savin Corporation v. C.M.C. Corporation</u>, 98 F.R.D. 509, 512 (N. D. Ohio 1983). In opposing Williamson's motion, Petrich argues he requested entry of Williamson's default after he failed to file his answer by May 22, 2008, as the parties had agreed. Although Petrich acknowledges that he will not be prejudiced if the default is set aside, Petrich argues that Williamson has not identified a meritorious defense, and that Williamson's failure to timely plead or otherwise defend in this matter is "culpable" in that Williamson knew or should have known that he was required to file an answer in state court or federal court by May 15, 2008.

Petrich will admittedly not be prejudiced if Williamson's default is set aside. According to Petrich, the parties had agreed Williamson would have an additional week, until May 22, 2008, to file his answer in state or federal court. This agreement is evident by the fact that Petrich requested entry of Williamson's default on May 22, 2008, not May 15, 2008. Williamson promptly moved to set aside the default on May 23, 2008. The

2

overall record does not suggest that Williamson willfully or culpably defaulted. Though Williamson has not articulated a meritorious defense in his motion, Petrich's allegations on their face do not reflect a defenseless action. Consistent with United Coin Meter and Savin,

Defendant Williamson's motion to set aside default is hereby GRANTED. Defendant Williamson's May 22, 2008 default is hereby SET ASIDE. The parties shall proceed accordingly.

SO ORDERED.

Dated: June 3, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 5, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---